**IT IS ORDERED as set forth below:**



Date: December 26, 2023

_____Susan D. Barrett_____
United States Bankruptcy Judge
Southern District of Georgia

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Dublin Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number 23-30121 |
| MARQUIS QUINTELL JOHNSON, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## **OPINION AND ORDER**

Before the Court is Marquis Quintell Johnson's ("Debtor") application to have the chapter 7 filing fee waived ("Application"), motion for exemption from credit counseling ("Motion for Exemption"), motion to reconsider the dismissal of Debtor's case and extend the deadlines to file required information ("Motion to Reconsider Dismissal"), and request to seal the bankruptcy case ("Request to Seal").  Dckt. Nos. 2, 17, and 25.  For the reasons set forth below, and on the record at the telephonic hearing held on November 14, 2023, Debtor's:  (1) Application is granted; (2) Motion

1

for Exemption is denied; (3) Motion to Reconsider Dismissal is granted in part and denied in part; and (4) Request to Seal is denied.

## FINDINGS OF FACT

Debtor is incarcerated. Debtor's mother filed a *pro se* chapter 7 petition on Debtor's behalf through a purported power of attorney. Dckt. Nos. 1 and 33. Through this same method she also filed the Application to waive the filing fee. Dckt. No. 2. It is undisputed that Debtor failed to obtain credit counseling before the bankruptcy petition was filed. However, the petition indicates he asked for credit counseling before filing but was unable to obtain this service during the seven days after making the request and exigent circumstances merited a temporary 30-day waiver. Dckt. No. 1. The petition also indicates Debtor has a physical disability which causes him to be unable to participate in a briefing in-person, online, or by phone and relieves him of the credit counseling requirement. Id.

Deficiency notices were issued for an array of issues,[1] giving deadlines to cure these matters while notifying the Debtor the bankruptcy case would be dismissed with prejudice if the deficiencies

---

[1] There were 13 noted deficiencies:
 1. Statement of Social Security Number (Official Form 121)
 2. Creditor Mailing Matrix
 3. Valid Credit Counseling Certificate
 4. Schedules A/B−J
 5. Summary of Assets and Liabilities (Official Form 106Sum)
 6. Declaration Concerning Schedules (Official Form 106Dec)
 7. Statement of Financial Affairs (Official Form 107)
 8. Transmittal of Pay Advices (Local Form)
 9. Chapter 7 Individual Debtor's Statement of Intention (Official Form 108)
 10. Chapter 7 Statement of Income (Official Form 122A−1)
 11. Chapter 7 Means Test Calculation (Official Form 122A−2)
 12. Statement of Exemption from Presumption of Abuse (Official Form 122A−1Supp)
 13. Incomplete address on Voluntary Petition

Dckt. Nos. 3-5 and 8.

were not cured.  See Dckt. Nos. 3-5 and 8.  The deficiencies were not timely cured, and the case was dismissed with prejudice ("Dismissal Order").  Dckt. No. 14.

Thereafter, Debtor's mother, acting as Debtor's purported agent, filed a Motion to Reconsider Dismissal of the case, and eventually filed documents satisfying all of the Clerk's Office's threshold deficiencies, except for the credit counseling requirement.  Dckt. Nos. 16-18, 23, 29-32, 34, and 35.  She also requested the Court to:  (1) exempt Debtor from obtaining the required pre-petition credit counseling; and (2) seal the bankruptcy case.  Dckt. Nos. 17 and 25.  She filed a copy of a purported power of attorney from her son, the Debtor, as evidence of her authority to file the petition and related documents on behalf of her incarcerated son.  Dckt. No. 33.  The purported power of attorney was not signed by Debtor, and it was not notarized.  Id.  A deficiency was issued for the invalid power of attorney, notifying Debtor the case could be dismissed if a valid power of attorney was not filed on or before November 1, 2023.  Dckt. No. 36.  Debtor failed to provide any additional power of attorney documentation.  Debtor's mother appeared on Debtor's behalf at the hearing held to consider these matters and testified that her son authorized her to sign the power of attorney and to file the bankruptcy on his behalf.

## **CONCLUSIONS OF LAW**

After considering the matter, for the reasons set forth on the record at the hearing, and in this Order, the Court finds the power of attorney to be invalid.  The Court rules Debtor is not exempt from obtaining the pre-petition credit counseling.  The Motion to Reconsider Dismissal is granted in part and denied in part.  The Application for waiver of the filing fee is granted.  Finally, the Request to Seal this bankruptcy case is denied.

**Power of Attorney.**

The power of attorney Debtor's mother used to file the petition is insufficient as a matter of law. State law generally determines who has the authority to file a bankruptcy petition on behalf of another. See In re Kjellsen, 53 F.3d 944, 946 (8th Cir. 1995) ("state law determines who has the authority to file a bankruptcy petition on behalf of another."); In re Blanchard, 2001 WL 1825797 (Bankr. M.D. Fla. July 27, 2001) (determining whether guardians were properly authorized to file a bankruptcy petition on behalf of a debtor pursuant to the requirements listed in Florida's guardianship statute); Butner v. United States, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law.").

Under Georgia law[2]:

(a) A power of attorney shall be:

(1) Signed by the principal or by another individual in such principal's presence at the principal's express direction;

(2) Attested in the presence of the principal by a competent witness who is not also named as an agent in the power of attorney being attested; and

(3) Attested as set forth in Code Section 44-2-15, in the presence of the principal, by an individual who is not a witness for purposes of paragraph (2) of this subsection and who is not also named as an agent in the power of attorney being attested.

(b) The individuals provided for in paragraphs (2) and (3) of subsection (a) of this Code section shall not be required to attest to the signature of any person other than the principal or the individual signing at the principal's express direction.

---

[2] Georgia is the applicable state law, as Debtor is currently incarcerated in Georgia, and the petition reflects Georgia as the jurisdiction where Debtor has lived in the last 180 days before filing the petition. See Dckt. No. 1, Part 1, No. 6.

O.C.G.A. §10-6B-5. "Principal" means an individual who grants authority to a person to act in the place of such individual. O.C.G.A. §10-6B-2(9).

In this case, Debtor's power of attorney remains deficient for several reasons. First, Debtor did not sign the power of attorney. Dckt. No. 33. At the hearing, Debtor's mother testified she signed the power of attorney with authority from her son. While she testified that she signed the power of attorney at his direction, she failed to establish it was in his presence. See O.C.G.A. §10-6B-5(a)(1). Furthermore, the power of attorney has not been properly attested as required by O.C.G.A. §10-6B-5(a)(2) and (3).[3] For these reasons, the Court finds the power of attorney has not been properly executed or attested and therefore is invalid and the case is dismissed.

**Credit Counseling.**

Alternatively, and notwithstanding the defects with the purported power of attorney, the Motion to Reconsider Dismissal is denied on its merits, as provided herein. Section 109 of the Bankruptcy Code[4] contains various requirements that must be met to be eligible as a debtor in bankruptcy, such as taking credit counseling. See 11 U.S.C. §109. In relevant part, §109(h) states:

> (h)(1) Subject to [§109(h)(2) and (3)], and notwithstanding any other provision of this section other than [§109(h)(4)], an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit

---

[3] In Georgia, instruments may be attested by: a judge of a court of record, including a judge of a municipal court, or by a magistrate, a notary public, or a clerk or deputy clerk of a superior court or of a city court. O.C.G.A. §44-2-15. Debtor's mother testified she previously served as a magistrate judge for an Alabama municipal court. Without addressing or considering whether she is authorized to attest a Georgia power of attorney, Georgia law provides the attesting individual cannot also be the appointed agent, and therefore she cannot attest the document. O.C.G.A. §10-6B-5(a)(2)-(3).

[4] All statutory references are to Title 11 of the United States Code unless otherwise noted herein.

5

> counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.
>
> . . .
>
> (3)(A) Subject to subparagraph (B), the requirements of [§109(h)(1)] shall not apply with respect to a debtor who submits to the court a certification that—
>
>> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>>
>> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and
>>
>> (iii) is satisfactory to the court.
>
> . . .
>
> (4) The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

<u>Id.</u>

In this case, Debtor has not filed a valid credit counseling certificate and his petition states two reasons for such failure—that exigent circumstances merit a temporary waiver, and his disability causes him to be unable to participate in a briefing in person, by phone, or online. Dckt.

6

No. 1. Additionally, Debtor's Motion for Exemption states "[he does] not have access to printing machines and other needed materials. Please waive counseling [due] to circumstances. Due to hardship [he cannot] afford counseling . . . ." Dckt. No. 17.

Debtor requests a waiver from the §109(h) pre-petition credit counseling requirement because of his incarceration. To obtain a waiver based on exigency, Debtor must: submit a certification which describes the exigent circumstances meriting a waiver of the requirement; state that he requested the services but was unable to obtain it in time; and this explanation must be satisfactory to the Court. 11 U.S.C. §109(h)(3)(A)(i)–(iii). Debtor has provided no information regarding his efforts to obtain credit counseling pre-petition. This Court also agrees with the line of cases concluding that incarceration, by itself, does not constitute an exigent circumstance. See In re Wedig, 2021 WL 717763 (Bankr. S.D. Iowa Feb. 5, 2021) (holding incarceration is not an exigent circumstance that warranted a temporary waiver of the credit counseling requirement); In re Larsen, 399 B.R. 634, 636 (Bankr. E.D. Wis. 2009) (same); In re Johnson, 2007 WL 2990563 (Bankr. D.D.C. Oct. 11, 2007) (same); In re McBride, 354 B.R. 95, 98 (Bankr. D.S.C. 2006) ("The assertion of [debtor's] incarceration has no bearing on the exigency of his need to file a petition for bankruptcy"); but see In re Patasnik, 425 B.R. 916 (Bankr. S.D. Fla. 2010) (granting debtor a temporary waiver of the credit counseling requirement pursuant to §103(h)(3)); In re Star, 341 B.R. 830 (Bankr. E.D. Va. 2006) (same); In re Walton, 2007 WL 980430 (Bankr. E.D. Mo. Mar. 5, 2007)(same). Therefore, Debtor is not entitled to a §109(h)(3) waiver of the credit counseling requirement.

Similarly, with respect to Debtor's alleged disability, this District and others have previously held incarceration is not a "disability" as defined under §109(h)(4). See In re Sarlak, No. 13–20129

AO 72A
(Rev. 8/82)

(Bankr. S.D. Ga. Feb. 20, 2013) (denying motion for waiver of the credit counseling requirement because "incarceration does not amount to a disability under §109(h)(4)"); In re Conner, No. 12–60685 (Bankr. S.D. Ga. Dec. 14, 2012) (same); In re Cole, No. 12–60062 (Bankr. S.D. Ga. Feb. 8, 2012) (same); In re Donaldson, No. 12–60044 (Bankr. S.D. Ga. Feb. 8, 2012) (same); cf. In re Goodwin, 2009 WL 6499330 (Bankr. N.D. Ga. Mar. 12, 2009) (holding incarceration is not a "disability" as defined by §109(h)(4) that excuses a debtor's requirement to take the financial management course under §111). Section 109(h)(4) defines "disability" to mean "the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing." 11 U.S.C. §109(h)(4). Incarceration, without more, does not qualify as a §109(h) disability. Goodwin, 2009 WL 6499330, at *1-*2; Larsen, 399 B.R. at 637 (same). In addition, the lack of access to printing machines, materials, and an inability to pay similarly does not meet the definition of "disability" under §109(h)(4), especially when credit counseling services are offered via telephone without the need for printed materials and are also offered free of cost.[5]

Furthermore, incarceration does not constitute an "incapacity" as defined by §109(h)(4). "Incapacity" is defined in §109(h)(4) as someone who is "impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities." 11 U.S.C. §109(h)(4). There is no evidence that the Debtor is incapable of realizing or making rational decisions with respect to his financial responsibilities. See In re Oliver, 2013 WL 1403336 (Bankr. S.D. Ga. Mar. 25, 2013) (denying motion to waive §109(h) credit counseling requirement because incarceration does not meet the definition of incapacity).

---

[5] See U.S. Trustee Program, Credit counseling agencies – Southern District of Georgia, U.S. Dept. of Justice, https://www.justice.gov/ust/credit-counseling-by-district/Southern-District-of-Georgia.

8

For these reasons, even if the power of attorney is deemed valid, Debtor is not exempt from obtaining the mandatory pre-petition credit counseling required by §109(h) and therefore the Motion for Exemption is denied, and the case is dismissed. The Motion to Reconsider Dismissal also is denied; however, given the particular facts and circumstances of this case, the Court strikes the following language from the Dismissal Order: " with prejudice, barring refiling of a petition by the debtor(s) within 180 days of this order. Filing fee in the amount of $338.00 is due and owing".

**Request to Seal.**

Debtor also requested the Court to "keep under seal all information, keep all on the private side. Take the private info [sic] to the Magistrate chambers. . . . Please give [Debtor] more than enough time to present or send the courts any information. [He does] not receive [his] mail immediately, so please understand and offer sufficient time." Dckt. No. 25.

Section 107 codifies the presumption in favor of public access to all records filed with the bankruptcy courts, providing in part:

> (a) Except as provided in [§107(b) and (c)] and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.
>
> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>    (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
>    (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.
>
> (c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the

court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

>  (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>
>  (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. §107.

This presumption in favor of public access is based on the public's right to monitor court proceedings and ensure integrity, quality, and respect in the judicial system. In re Analytical Systems, Inc., 83 B.R. 833, 835 (Bankr. N.D. Ga. 1987). Sealing judicial records is appropriate only in limited and exceptional circumstances. Id.

The Eleventh Circuit Court of Appeals has held that the right of public access "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential," and provided a non-exclusive list of factors for courts to consider. Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations and citations omitted). Factors include whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, the availability of a less onerous alternative to sealing the documents, and a party's privacy or proprietary interest in information. Id. Whether good cause exists is decided by the nature and character of the information in question. Id.

In this case, Debtor's Request to Seal states no compelling grounds to rebut the presumption in favor of public access to court records. A review of Debtor's case docket shows there has been no confidential information or data that is scandalous or defamatory or that would impair this Court's function or harm Debtor's legitimate privacy interests. 11 U.S.C. §107; Fed. R. Bankr. P. 9018. In fact, the data and information provided in this case is the same as provided in every bankruptcy, and there is no reason to block access to this information.[6] Furthermore, there are less onerous alternatives available than sealing Debtor's *entire* bankruptcy case. Accordingly, the Court finds Debtor has not shown good cause to overcome the presumption in favor of public access to court records and dockets and the Request to Seal is denied.

**Conclusions.**

For these reasons, it is ORDERED that:

(1) Debtor's Application to waive the filing fee is GRANTED;

(2) Debtor's Motion for Exemption or Waiver of the credit counseling requirement is DENIED;

(3) Debtor's Motion to Reconsider Dismissal is DENIED; provided the "with prejudice" language is DELETED from the heading of the Dismissal Order, and the following language is STRICKEN from the Dismissal Order: " with prejudice, barring refiling of

---

[6] Notwithstanding the foregoing, the public is, and will continue to be, blocked from accessing Debtor's Official Form 121 (Statement About Your Social Security Numbers), which contains confidential information. In accordance with Bankruptcy Rule 1005, public access to this personally identifiable information is blocked in this case, and in all bankruptcy cases. See generally Fed. R. Bankr. P. 1005 (including Adv. Committee Notes) (truncating public access to debtors' full social security numbers); Committee Note to Off. Form B121.

a petition by the debtor(s) within 180 days of this order. Filing fee in the amount of $338.00 is due and owing"; and

(4) Debtor's Request to Seal is DENIED.

**[END OF DOCUMENT]**